**BLANTON, Plaintiff-Appellee v. LITTRELL,
Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1848. Decided April 5, 1945.

Shively, Shively & Shell, Dayton, for appellee.
Joseph N. McGrath, Dayton, for appellant.

## OPINION

By HORNBECK, P. J.

This is an appeal on questions of law from a judgment of the Municipal Court of the City of Dayton, in favor of the plaintiff in the sum of Two Hundred Dollars, interest and costs, and against the defendant. The trial was had and judgment entered by Acting Judge Harold H. Lampman.

The cause of action was to recover real estate commission claimed to have been earned by the plaintiff under contract

wherein he was given the exclusive right to sell certain real estate of the defendant for a period of three months beginning January 14, 1944, and that the sale had been made during the period the contract was effective between the parties.

The defenses asserted were that the contract had expired; that it was entered into on January 4 and not the 14th; that the sale was consumated on April 10, and further that the plaintiff did not produce the purchaser.

In this Court it is asserted that the trial court erred in finding for the defendant on the two defenses heretofore stated, and further that the acting Judge was without jurisdiction to hear and determine the cause for the reason that §1579-85 GC providing for the appointment of an acting judge by the Chief Justice of the Municipal Court when the incumbent Judge of that court shall be temporarily absent or incapacitated from acting, * * *, is unconstitutional.

It is asserted that §1579-85 GC is in derogation of **Article IV, Sections 10 and 13** and **Article XVII, Section 2, of the Ohio Constitution.** Without setting forth the text of the sections, we are satisfied to say that §1579-85 GC, is constitutional. **Section 10 of Article IV** limits the length of terms of elective judges other than those provided by the constitution.

The Municipal Court of the City of Dayton is a creature of legislative action by which the qualifications of a municipal judge are set up. **Section 2, Article IV, of the Ohio Constitution** authorizes the Governor to fill by appointment vacancies during the regular term in the office of any judge but its language is restricted to vacancies in office which contemplate that the incumbent of the office has died, resigned or has been removed from the office as distinguished from temporary absence or incapacity. The same observation may be made as to **Article XVII, Section 2, Ohio Constitution.**

We are referred to an address of Judge Simon Ross, discussing the proposed Amendments to the Ohio Constitution affecting judicial procedure, Ohio Bar Bulletin, July 3, 1944, page 169, as supporting the contention that the absence of the judge in the instant case, though of temporary character, constituted a vacancy within contemplation of the Ohio Constitution. We would refer counsel to the same address near the bottom of page 170, in which it is said:

"As to No. 1, that is, as to the qualifications of judges, I have commented on that. It is simply a re-statement of the power that exists in the Legislature today."

We are in accord with the conclusion reached by the Court.

of Appeals of Lake County in **State of Ohio, Appellee v Partanen, 67 Oh Ap 248,** holding constitutional a section of the Municipal Court Act for the city of Painesville, the provisions of which are the same as the section here under consideration, and also with the case cited by counsel for Appellee, **State ex rel. Ramey, et al. v Davies, et al. County Commissioners, 119 Oh St 596,** which reiterates the proposition that the Legislature has exclusive power to create courts inferior to the Courts of Appeal, and to define their power and jurisdiction.

The other error assigned may be disposed of upon the determination of one question, namely: Was the contract between the parties entered into on the 14th day of January, 1944? If so, then the sale was made during the effective term of the three months during which the contract controlled the rights of the parties. This issue was vigorously controverted, and we are frank to say that the correctness of the determination of the trial judge is somewhat doubtful. There are many facts tending to corroborate the claim and the testimony of the defendant and his wife. It is somewhat disconcerting and damaging to plaintiff's cause to have his own employee testify, purportedly from a copy of the controlling contract, that it showed that it was entered into on the 4th day of January and not the 14th, and that he, the employee, had so informed Mrs. Littrell before the sale was completed. There is, however, no defense of estoppel.

On the other hand, the original contract is in evidence. It apparently bears the date of January 14. There is no direct testimony that the date had been changed or an insertion of the figure "1" made before the figure "4", so that, in the last analysis, the question presented was one largely of credibility, which was resolved by the trial judge in favor of the plaintiff. Further, there is considerable support for the claim that the plaintiff contacted the eventual purchaser during the term of the contract and had arranged to show the property to him during that period.

We would not feel justified in invading the province of the trial judge, although if this were presented to us as an original question, we would have considerable hesitancy in reaching the same conclusion as he. We cannot say that the verdict is so manifestly against the weight of the evidence as to require the judgment to be set aside. It will, therefore, be affirmed.

GEIGER and MILLER, JJ., concur.